UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO. 1:CR-01-131-03 |
| | ) |
| v. | ) (Judge Rambo) |
| | ) |
| DENYSE BENJAMIN | ) (ELECTRONICALLY FILED) |

**PLEA AGREEMENT**

The following plea agreement is entered into by and between the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the office of the United States Attorney for the Middle District of Pennsylvania.

The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines which took effect on November 1, 1987, as amended and interpreted by United States v. Booker, 125 S. Ct. 738 (2005), will apply to the offenses to which the defendant is pleading guilty.

1. <u>Plea of Guilty</u>. The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with a violation of Title 18, United States Code, Section 371, criminal conspiracy to commit wire fraud and mail fraud. The maximum penalty for the offense is imprisonment for a period of five years, a fine of $250,000, a maximum term of supervised release of up to three years, to be determined by the court, which shall be served at the conclusion of and in addition to any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release order, denial of certain federal benefits and an assessment in the amount of $100. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is in fact guilty of the offense(s) charged in that count. The defendant further agrees

that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts that support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court at a sentencing hearing. After sentencing, the United States will move for dismissal of any remaining counts. The defendant agrees, however, that the United States may at its sole election reinstate any dismissed counts in the event that the charge(s) to which the defendant has pleaded guilty pursuant to this agreement are subsequently vacated or set aside by the district court or any appellate court. The defendant further agrees to waive any defenses to the reinstatement of these charges based upon, laches, the assertion of speedy trial rights, any applicable statute of limitations or any other grounds in the event that the defendant successfully vacates or sets aside any conviction or sentence imposed pursuant to this plea agreement.

2. <u>Supervised Release</u>. The defendant also understands that the Court must impose a term of supervised release following any sentence of imprisonment exceeding one (1) year, or when required by statute. The Court may require a term of supervised release in any other case.

3. <u>Maximum Sentence</u>. The defendant understands that the total, maximum possible sentence for all charges is the combination of penalties described above; that is three years in prison and/or fines totaling $250,000, a term of supervised release to be determined by the Court, the costs of prosecution, denial of certain federal benefits and an assessment totaling $100.

4. <u>Fine</u>. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties

pursuant to Title 18, United States Code, Section 3611, et seq.

5. <u>Alternative Fine</u>. The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the District Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

6. <u>Special Assessment</u>. The defendant understands that the Court will impose a special assessment of $100 pursuant to the provisions of Title 18, United States Code, Section 3013. No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court Middle District of Pennsylvania. This check should be made payable to "Clerk, United States District Court". Counsel for the defendant shall provide a copy of the special assessment check or a Clerk's receipt to the United States Attorney's Office for the Middle District of Pennsylvania at the time of sentencing certifying compliance with this provision of the plea agreement. If the defendant intentionally fails to make this payment, pays with an insufficient funds check, or otherwise fails to comply with any of the requirements of the United States Attorney's Office's Financial Litigation Unit regarding the special assessment, it is understood that this failure may be treated as a breach of this plea agreement and may result in further prosecution or the filing of additional criminal charges, or a contempt citation.

7. <u>Financial Litigation Unit Investigation</u>. The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Office's Financial Litigation Unit regarding

the defendant's financial status. As part of this process, the defendant, whether represented by counsel or not, consents to contact by and communication with the Financial Litigation Unit, and regarding representation by undersigned counsel, the defendant and counsel consent to contact by and communication with the Financial Litigation Unit and agree to waive any prohibition against communication with a represented party by the United States Attorney's Office regarding defendant's financial status. Pursuant to Title 18, United States Code, Section 3664 (d)(3) the defendant also agrees to complete the required financial affidavit, fully describing the defendant's financial resources within 10 days of the guilty plea. The defendant will submit the original affidavit, on forms prescribed by the probation office, to the U.S. Probation Office with a copy to the United States Attorney's office.

8. <u>No Further Prosecution, Except Tax Charges</u>. The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense described above. However, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

9. <u>Acceptance of Responsibility–Two Levels</u>. Counsel for the defendant has affirmatively indicated to the United States Attorney's Office that the defendant not only wishes to plead guilty, but will clearly demonstrate a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines. If the defendant can adequately demonstrate this recognition and affirmative acceptance of responsibility to the Government, the United States Attorney's Office will recommend that the defendant receive a two-level reduction in the defendant's offense level for acceptance of responsibility. The failure of the Court to find that the defendant is entitled to a two-

level reduction shall not be a basis to void this plea agreement.

10. <u>Appropriate Sentence Recommendation</u>. At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

11. <u>Specific Sentencing Guidelines Recommendations</u>. With respect to the application of the United States Sentencing Commission Sentencing Guidelines to the defendant's conduct, the parties agree to recommend that the readily provable amount of loss attributable to the defendant is more than $10,000 but less than $30,000. The defendant understands that this recommendation is not binding upon either the court or the United States Probation Office, which may make different findings as to the application of the United States Sentencing Commission Sentencing Guidelines to the defendant's conduct. The defendant further understands that the United States will provide the Court and the United States Probation Office all information in its possession which it deems relevant to the application of the United States Sentencing Commission Sentencing Guidelines to the defendant's conduct.

12. <u>Substantial Assistance</u>. The defendant has agreed to cooperate with the United States. Upon completion of the cooperation, if the United States believes the defendant has provided "substantial assistance" pursuant to Section 5K1.1 of the United States Sentencing Guidelines, the United States may request the Court to depart below the guideline range when fixing a sentence for this defendant. In the event that the defendant renders substantial assistance, the United States specifically reserves the right to make a specific recommendation of a term of months to the District

Court. However, the defendant acknowledges that the United States may decline to exercise its discretion and recommend a departure if the defendant breaches any of the provisions of this Agreement, commits any other offense while awaiting plea or sentencing, or if the defendant's plea involved a guilty plea to an offense which reduces the defendant's maximum possible sentence below the guidelines imprisonment range otherwise called for by the Sentencing Guidelines in this case.

13. <u>Cooperation</u>. The defendant has agreed to cooperate with the United States by providing information concerning the unlawful activities of others. The United States agrees that self-incriminating information so provided will not be used against the defendant in determining the applicable guideline range except to the extent provided in this agreement. This provision, however, shall not be applied to restrict the use of information:

> (a) known to the United States prior to entering into the cooperation agreement;
>
> (b) concerning the existence of prior convictions and sentences;
>
> (c) in a prosecution for perjury, giving a false statement, or obstruction of justice;
>
> (d) in the event there is a breach of the cooperation agreement.

14. <u>Mandatory Restitution Act</u>. The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, Section 3663A, the Court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct. With respect to the payment of this restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of this restitution in full, unless the defendant can demonstrate to the satisfaction

of the court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case an the defendant will be required to make partial restitution payments.

15. <u>Full Restitution by Schedule</u>. The defendant agrees to make full restitution in accordance with a schedule to be determined by the court. Pursuant to the dictates of <u>United States v. Palma</u>, 760 F.2d 475 (3d Cir. 1985), the amount of the loss resulting from the defendant's actions will be determined at the pre-sentencing hearing.

16. <u>Background Information for Probation Office</u>. The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

17. <u>Objections to Pre-Sentence Report</u>. The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the probation officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained on or omitted from the report. The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the probation officer for his inclusion on an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the court at the sentencing hearing where the standard of proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to

privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

18. <u>Victims' Rights</u>. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

(a) The right to be reasonably protected from the accused.

(b) The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding, involving the crime or of any release or escape of the accused.

(c) The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.

(d) The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding. The defendant understands that the victim's comments and recommendations at any of these proceedings may be different than those of the parties to this agreement.

(e) The reasonable right to confer with the attorney for the Government in the case. The defendant understands that the victim's opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this agreement.

(f) The right to full and timely restitution as provided for by law. The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the Court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death.

(g) The right to proceedings free from unreasonable delay.

(h) The right to be treated with fairness and with respect for the victim's dignity and privacy.

19. <u>Relevant Sentencing Information</u>. At the sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information

with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this agreement.

20. Maximum Sentence. The defendant understands that the Court is not a party to and is not bound by this agreement nor any recommendations made by the parties. Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for five years, a fine of $250,000, a maximum term of supervised release of up to three years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits and assessments totaling $100.

21. No Withdrawal of Plea Based on Sentence or Recommendations. If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the Court decline to follow any recommendations by any of the parties to this agreement.

22. Full Cooperation. The defendant agrees to cooperate fully with the United States. The defendant understands and agrees that complete and truthful cooperation is a material condition of this agreement. Cooperation shall include providing all information known to the defendant regarding any criminal activity, including but not limited to the offenses described in this agreement. Cooperation will also include complying with all reasonable instructions from the United States, submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States and to testify fully and truthfully before any grand juries,

hearings, trials or any other proceedings where the defendant's testimony is deemed by the United States to be relevant. This may include submitting to interviews and testifying at proceedings after defendant has been sentenced in this matter. The defendant understands that such cooperation shall be provided to any state, local and federal law enforcement agencies designated by counsel for the United States. The United States agrees that any statements made by the defendant during the cooperation phase of this agreement shall not be used against the defendant in any subsequent prosecutions unless and until there is a determination by the Court that the defendant has breached this agreement. However, the United States will be free to use at sentencing in this case any of the statements and evidence provided by the defendant during the cooperation phase of the agreement. Moreover, the parties agree that, although the defendant's statements made during the cooperation phase cannot be used against the defendant in any subsequent criminal prosecution, this provision shall not preclude the United States from requiring the defendant to submit to interviews by local, state or federal agencies which may use these statements in civil or administrative proceedings involving the defendant. The defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed until the cooperation phase has been completed so that at sentencing the Court will have the benefit of all relevant information.

23. Undercover Capacity. The defendant agrees to act in an undercover capacity to the best of the defendant's ability and agrees to allow the authorities to monitor and tape record conversations, in accordance with Federal law, between the defendant and persons believed to be engaged in criminal conduct, and fully cooperate with the instructions of law enforcement authorities in such undercover activities.

24. Polygraph Examination. The defendant, if requested by the attorney for the United

States, agrees to submit to polygraph examinations by a polygrapher selected by the United States.

25. Breach of Agreement. In the event the United States believes the defendant has failed to fulfill any obligations under this agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations. Whether or not the defendant has completely fulfilled all of the obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this agreement.

26. Admissibility of Polygraph Results. The parties agree that at any court hearings held to determine whether the defendant has breached this agreement, the polygraph results and the polygrapher's conclusions and opinions shall be admissible. The parties also agree that such polygraph data shall be admissible at any sentencing hearings involving the defendant.

27. Remedies for Breach. The defendant and the United States agree that in the event the Court concludes that the defendant has breached the agreement:

> (a) The defendant will not be permitted to withdraw any guilty plea tendered under this agreement and agrees not to petition for withdrawal of any guilty plea;
>
> (b) The United States will be free to make any recommendations to the Court regarding sentencing in this case;
>
> (c) Any evidence or statements made by the defendant during the cooperation phase will be admissible at any trials or sentencings;

    (d) The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea. The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy or other similar grounds.

28. <u>Further Prosecution for Perjury, False Statement, Etc.</u> Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement, including perjury, false declaration, or false statement, in violation of Title 18, United States Code, Section 1621, 1623, or 1001, or obstruction of justice, in violation of Title 18, United States Code, Section 1503, 1505, or 1510, should the defendant commit any of those offenses during the cooperation phase of this agreement. Should the defendant be charged with any offense alleged to have occurred after the date of this agreement, the information and documents disclosed to the United States during the course of the cooperation could be used against the defendant in any such prosecution.

29. <u>No Civil Claims or Suits</u>. The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation covered by this agreement, including but not limited to any claims for attorneys' fees and other litigation expenses arising out of the investigation and prosecution of this matter. By the defendant's guilty plea in this matter the defendant further acknowledges that the government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

30. <u>Appeal Waiver</u>. The defendant is aware that Title 18, United States Code, Section 3742

affords a defendant the right to appeal the conviction and sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal any conviction and sentence, including a sentence imposed within the statutory maximum, on any and all grounds set forth in Title 18, United States Code, Section 3742 or any other grounds, constitutional or non-constitutional, including the manner in which that sentence was determined in light of <u>United States v. Booker,</u> 125 S. Ct. 738 (2005). The defendant also waives the defendant's right to challenge any conviction or sentence or the manner in which the sentence was determined in any collateral proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The defendant further acknowledges that this appeal waiver is binding only upon the defendant, and that the United States retains its right to appeal in this case.

31. <u>Non-Limitation on Government's Response</u>. Nothing in this agreement shall restrict or limit the nature or content of the United States's motions or responses to any motions filed on behalf of the defendant. Nor does this agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of the Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

32. <u>Agreement Not Binding on Other Agencies</u>. Nothing in this agreement shall bind any other federal, state or local law enforcement agency.

33. <u>Violation of Law While Plea or Sentence Pending</u>. The defendant understands that it is a condition of this plea agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes

while awaiting plea and /or sentencing in this case, the government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: A) withdraw from this agreement, or B) make any sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this plea agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

34. **Plea Agreement Serves Ends of Justice**. The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

35. **Merger of All Prior Negotiations**. This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written plea agreement.

36. <u>Deadline for Acceptance of Plea Agreement</u>. The original of this agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., February 22, 2006, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

37. <u>Required Signatures</u>. None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and until signed by the United States Attorney.

### ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

Mar 22, 06
Date

[signature]
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

Mar 26, 2006
Date

[signature]
John Yaninek, Esquire
Counsel for Defendant

3-28-06
Date

Thomas A. Marino
United States Attorney by CAF

chf/CHF
2000R00052/February 7, 2006

Post-<u>Booker</u> Plea Agreement 11/22/2005