IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CR NO. 1:CR-01-131-03 |
| | ) |
| v. | ) (Judge Rambo) |
| | ) |
| DENYSE BENJAMIN | ) (Electronically Filed) |

## MOTION RECOMMENDING DOWNWARD DEPARTURE

AND NOW, the United States of America, by its undersigned counsel, moves pursuant to Section 5K1.1 of the United States Sentencing Commission Sentencing Guidelines and Title 18, United States Code, Section 3553, and recommends that the Court reduce the sentence to be imposed upon the defendant in light of the defendant's "substantial assistance" to law enforcement. In support of this motion the United States alleges as follows:

1. On April 18, 2006, the defendant is expected to plead guilty to criminal conspiracy to commit mail fraud, in violation of Title 18, United States Code, Section 371.

2. The defendant will be entering this guilty plea pursuant to the terms of a plea agreement with the United States. That plea agreement required the defendant to truthfully cooperate with the government in its investigation of wrongdoing by others, and stated that, if the defendant provided substantial assistance to law enforcement, the government may move for a departure from the sentence otherwise called for by the Sentencing Guidelines in the defendant's case.

3. A pre-sentence report has been prepared. That report concluded that the defendant has a criminal history category of I, and that the defendant's offense conduct resulted in a total offense level of 10. On the basis of these findings, the pre-sentence report concluded that the guidelines imprisonment range for this matter is 6-12 months.

4. While the United States concurs in the guidelines calculations set forth in this pre-sentence report, the United States submits that a departure downward from this guideline imprisonment range is warranted in the defendant's case in light of the defendant's substantial assistance to law enforcement. That assistance is described below:

The defendant was informally interviewed in Canada in the presence of her attorneys. Because she has been arrested in Canada on an extradition warrant stemming from the present offense and is currently under supervision there and because of the Canadian legal requirements concerning gathering evidence on Canadian soil, a formal interview could not conducted prior to the defendant's trip to Harrisburg for her guilty plea.

During her informal interview, the defendant provided information concerning the criminal activities of her co-defendants Etheline Gay, Laurie Leering, and Julian Arthur. It is expected that upon her arrival in Harrisburg, she will sign an affidavit consistent with the information that was supplied during the informal interview. This affidavit will be the basis for a

supplemental record of the case for prosecution that will be submitted to Canada by the U.S. Department of Justice Office of International Affairs in support of the ongoing extradition proceedings against the co-defendants in this case. The defendant's information is expected to be particularly helpful in the extradition proceeding against Julian Arthur.

In addition, the defendant provided intelligence concerning two other individuals who are involved in illegal activity in Canada. This information has been provided to Canadian law enforcement officials. It is not known whether it will result in any arrests and prosecutions in Canada. Nonetheless, it is useful intelligence.

5. Section 5K1.1 of the United States Sentencing Commission Sentencing Guidelines provides that the Court may depart from the guidelines upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense.

6. In determining whether a sentence reduction is appropriate, the Court may consider a number of factors specified in Section 5K1.1 of the Sentencing Guidelines including, but not limited to the following: 1) the significance and usefulness of the defendant's assistance; 2) the truthfulness, completeness, and reliability of the defendant's information; 3) the nature and extent of the defendant's assistance; 4) any injury suffered or danger or risk of injury to the defendant or others as a result of

the defendant's assistance; and 5) the timeliness of the defendant's cooperation. With respect to these factors, in <u>United States</u> v. <u>Torres</u>, 251 F.3d.138, (3rd. Cir.2001) the United States Court of Appeals instructed this Court to conduct a qualitative case-by-case analysis of Section 5K1.1's five enumerated factors, and any other factors the Court deems relevant, in making an assessment regarding the nature and scope of any sentencing departure. The Court of Appeals went on to state that the District Court should make specific findings regarding each of these factors and conduct an individualized examination of the defendant's assistance.

    7. As an aid to the Court in conducting this individualized assessment required by law, the United States proffers the following with respect to the relevant factors under Section 5K1.1:

        A. Nature of the Cooperation: As noted above, the defendant was informally interviewed in Canada in the presence of her attorneys. Because she has been arrested in Canada on an extradition warrant stemming from the present offense and is currently under supervision there and because of the Canadian legal requirements concerning gathering evidence on Canadian soil, a formal interview could not conducted prior to the defendant's trip to Harrisburg for her guilty plea.

    During her informal interview, the defendant provided information concerning the criminal activities of her co-defendants Etheline Gay, Laurie Leering, and Julian Arthur. It is expected

that upon her arrival in Harrisburg, she will sign an affidavit consistent with the information that was supplied during the informal interview. This affidavit will be the basis for a supplemental record of the case for prosecution that will be submitted to Canada by the U.S. Department of Justice Office of International Affairs in support of the ongoing extradition proceedings against the co-defendants in this case. The defendant's information is expected to be particularly helpful in the extradition proceeding against Julian Arthur.

In addition, the defendant provided intelligence concerning two other individuals who are involved in illegal activity in Canada. This information has been provided to Canadian law enforcement officials. It is not known whether it will result in any arrests and prosecutions in Canada. Nonetheless, it is useful intelligence.

B. Significance of the Cooperation: The defendant's cooperation can be characterized as significant.

C. Reliability of the Information Provided: The government believes, based on supporting evidence, that the information provided by the defendant was accurate.

D. Danger to the Defendant: No specific danger to the defendant was identified.

E. Timeliness of Cooperation: The defendant's cooperation was timely.

8. In this case, it is submitted that the defendant's cooperation, as described above, constitutes substantial assistance warranting a sentencing departure in accordance with the Sentencing Guidelines, since a number of these factors weigh in favor of granting a sentencing departure. Accordingly, in light of the defendant's substantial assistance to law enforcement, the United States recommends that this court depart below the guidelines imprisonment range otherwise set for this offense when sentencing the defendant. Specifically, the United States recommends that the court grant a two-level departure from the currently recommended sentence. Such a departure would mean the defendant's sentencing guideline range would be 0-6 months. Moreover, the government recommends that the Court sentence the defendant to a term of probation.

WHEREFORE, for the foregoing reasons, the United States recommends a departure from the guidelines imprisonment range otherwise called for in this case in light of the defendant's substantial assistance to law enforcement.

                                  Respectfully submitted,

                                  THOMAS A. MARINO
                                United States Attorney

BY:   s/Christy H. Fawcett
       CHRISTY H. FAWCETT
       Assistant U.S. Attorney
       PA35067
       Christy.Fawcett@usdoj.gov

       228 Walnut Street, Suite 220
       P.O. Box 11754
       Harrisburg, PA 17108
       Phone: (717) 221-4482
       Fax: (717) 221-4493

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) CR NO. 1:CR-01-131-03 |
| | ) |
| v. | ) (Judge Rambo) |
| | ) |
| **DENYSE BENJAMIN** | ) (Electronically Filed) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 18th day of April 2006, she served a copy of the attached

**MOTION RECOMMENDING DOWNWARD DEPARTURE**

by electronic means by sending a copy to each of the e-mail addresses stated below:

**John F. Yaninek**
jfyaninek@mette.com
bskagarise@mette.com


s/Christina L. Garber
CHRISTINA L. GARBER
Legal Assistant